# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TRANSPLACE TEXAS LP | § § | |
| v. | § § | Civil Action No. 4:16-CV-00647 |
| | § | Judge Mazzant |
| DAVID ALIOTO, PROBITY ENTERPRISES, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Amend Pleadings (Dkt. #32). After reviewing the relevant pleadings, the Court grants Plaintiff's motion.

### BACKGROUND

In this dispute Transplace Texas LP ("Transplace") alleges fraud and breach of contract against Probity Enterprises, Inc. ("Probity") and its President and sole shareholder David Alioto ("Alioto") (collectively, "Defendants"). Transplace claims that Alioto made intentional misrepresentations about the viability and predicted success of Probity's Transportation Network Solution Program.

This case was removed to the Court on August 25, 2016 (Dkt. #1). On October 6, 2016, Transplace filed its first amended complaint (Dkt. #12). On December 13, 2016, Defendants filed an answer and verified counterclaims (Dkt. #24). On January 24, 2017, the parties participated in mediation. On February 7, 2017, the parties filed a Joint Motion to Amend/Correct Scheduling Order (Dkt. #30). On February 13, 2017, the Court granted the joint motion and set the Transplace's deadline to file amended pleadings on March 14, 2017 (Dkt. #31). That same day, Transplace filed this motion for leave to amend and attached its proposed second amended complaint (Dkt. #32). On February 27, 2017, Defendants filed a response (Dkt. #34).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After a responsive pleading is served, a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

## ANALYSIS

Transplace seeks leave to amend its First Amended Petition to add two paragraphs of factual allegations and a cause of action for Fraud/Fraudulent Inducement against Alioto personally—a claim that was previously only against Probity. Transplace seeks to make these amendments because of "significant factual developments" discovered by Transplace through Rule 26 disclosures, mediation, and Defendants' counterclaims. Defendants oppose the amendments because Transplace possessed the necessary information at the time Transplace

filed its first amended complaint and thus amendment at this time would cause undue delay. Defendants further argue that if Transplace uses information gleaned from mediation to supplement their complaint, then they will be breaking the rule regarding confidentiality of settlement negotiations. Defendants' arguments are without merit.

The Court finds that allowing amendment before the deadline would not cause undue delay. Further, Rule 408 is not an appropriate reason to deny Transplace's proposed amended complaint. Rule 408 is a rule of evidence governing the admissibility of settlement discussions as evidence at trial. Fed. R. Evid. 408. Specifically, Rule 408 states that "conduct or a statement made during compromise negotiations about [a disputed] claim" is not admissible "to prove or disprove the validity or amount of [the] claim." *Id.* The Court cannot determine which facts may have been gleaned from mediation and Defendants have not pointed to any. Even if the allegations were made during settlement negotiations, Rule 408 is a rule governing the admission of evidence in court and not a rule of pleading. Disputes over Rule 408 should be resolved as evidentiary matters with motions *in limine* rather than opposing an amended complaint. Transplace has not implicated Rule 408 by offering the statements into evidence, and the Court will not use a rule of evidence to bar preemptively Transplace's second amended complaint. Since the Federal Rules instruct leave to amend to be freely given when justice so requires, the Court determines such leave is proper in this case.

## CONCLUSION

Therefore, Plaintiff's Motion for Leave to Amend Pleadings (Dkt. #32) is hereby **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED this 2nd day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE